**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN HENRY BROWN, JR.,

    Defendant-Appellant.

No. 05-3370
(District of Kansas)
(D.C. No. 04-CR-40122-JAR)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HOLLOWAY**, and **McKAY**, Circuit Judges.

**I. Introduction**

    A one-count indictment charged John Henry Brown, Jr. with possession of a firearm after conviction for a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). Police officers seized the weapon while executing a search warrant which explicitly authorized them to enter Brown's residence without knocking or announcing their presence. Brown moved to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

suppress the firearm under the exclusionary rule, claiming the no-knock search violated the Fourth Amendment's prohibition against unreasonable searches and seizures. The United States District Court for the District of Kansas denied the motion. Brown entered a conditional guilty plea, which permitted appeal of the district court's denial of his motion to suppress. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291. The Supreme Court recently held knock-and-announce violations do not justify application of the exclusionary rule. *Hudson v. Michigan*, No. 04-1360, 2006 WL 1640577, at *9 (U.S. June 15, 2006). We therefore **affirm** the district court's denial of Brown's motion to suppress.

## II. Background

Police detective Todd Godfrey submitted to a Kansas state court an affidavit for a warrant to search for cocaine and associated paraphernalia at Brown's residence in Junction City, Kansas. In his affidavit, Godfrey averred a confidential informant ("CI") purchased cocaine from Brown during a "controlled buy." The CI advised police that Brown kept cocaine in small sandwich bag corners on his person or in his bedroom, which was adjacent to a bathroom. Under the circumstances, Godfrey noted, it would be easy for Brown to dispose of the drugs if he was given advance notice of law enforcement's intent to search his residence. Godfrey therefore requested permission for police officers to enter Brown's residence without first announcing their presence.

Based on Godfrey's affidavit, the court issued a search warrant for Brown's home. The warrant authorized police officers to enter Brown's residence without first knocking or announcing their presence. The Junction City Tactical Response Team executed the warrant on May 14, 2004. Without announcing their presence, the team used a battering ram to gain entry to Brown's residence. Upon searching the residence, officers found, *inter alia*, a shotgun under the bed in Brown's bedroom.

Prosecutors charged Brown with possession of a firearm after conviction of a misdemeanor crime of domestic violence, a violation of 18 U.S.C. § 922(g)(9). Brown moved to suppress the weapon, arguing the no-knock search warrant and the Tactical Response Team's no-knock entry violated the Fourth Amendment's prohibition on unreasonable searches and seizures. The district court denied Brown's motion. The court held that, under the circumstances, a no-knock warrant was justified to prevent destruction of evidence because the affidavit indicated Brown kept illegal drugs in small packages on his person or near a bathroom, where they could be easily destroyed. Brown entered a conditional guilty plea, preserving his right to appeal the district court's denial of his motion to suppress. The district court sentenced Brown to two years' incarceration and two years' supervised release. Brown appeals the district court's denial of his motion to suppress.

**III. Analysis**

Generally, "law enforcement officers must announce their presence and provide residents an opportunity to open the door" before executing a search warrant. *Hudson*, 2006 WL 1640577, at *3. The "knock-and-announce" rule is both an ancient common-law principle and an element of the reasonableness inquiry under the Fourth Amendment. *Id*.; *see Wilson v. Arkansas*, 514 U.S. 927, 934 (1995). The rule, however, is subject to certain exceptions. For instance, police officers need not knock and announce "when circumstances present a threat of physical violence, or if there is reason to believe that evidence would likely be destroyed if advance notice were given, or if knocking and announcing would be futile." *Hudson*, 2006 WL 1640577, at *3 (quotations, citation, and alteration omitted).

Brown argues the Tactical Response Team's failure to knock before entering his apartment constitutes a violation of the Fourth Amendment because the circumstances did not justify an exemption from the knock and announce rule. He claims the appropriate remedy for such a violation is application of the exclusionary rule and suppression of all evidence seized during the search of his residence. Although law enforcement officials relied on a court-issued warrant when they executed their no-knock search of his residence, Brown argues the "good faith" exception to the exclusionary rule, established in *United States v. Leon*, 468 U.S. 897, 920–22 (1984), does not apply.

After the parties submitted briefing and presented oral argument in this case, the Supreme Court issued *Hudson v. Michigan*, which announced the exclusionary rule is not an appropriate remedy for violations of the knock-and-announce requirement. 2006 WL 1640577, at *6. In *Hudson*, the Court noted "[s]uppression of evidence . . . has always been our last resort, not our first impulse." *Id*. at *4. It explained that application of the exclusionary rule to knock-and-announce violations would result in great costs, such as the release of dangerous criminals into society and the potential for a flood of no-knock claims by criminal defendants. *Id*. at *7. It also noted availability of the exclusionary rule as a remedy to knock-and-announce violations might cause police officers to wait too long before executing a search, resulting in "preventable violence against officers in some cases, and the destruction of evidence in many others." *Id*. *Hudson* concluded application of the exclusionary rule to knock-and-announce violations would have little practical benefit. *Id*. at *7–*8. Moreover, it observed victims of knock-and-announce violations have an adequate remedy in civil litigation, such as suits under 42 U.S.C. § 1983. *Id*. at *8–*9. In sum, the Court concluded the costs of applying the exclusionary rule to knock-and-announce violations greatly outweigh the benefits, and held knock-and-announce violations cannot justify suppression of evidence under the exclusionary rule. *Id*.*9.

Because *Hudson* precludes application of the exclusionary rule to knock-and-announce violations, the district court was correct in denying Brown's motion to suppress. Given the Court's ruling in *Hudson*, it is unnecessary for this court to determine whether, under the circumstances presented in this case, law enforcement's fear of evidence destruction justified an exemption from the knock-and-announce rule. Discussion of the *Leon* "good faith" exception to the exclusionary rule is similarly unnecessary.

**IV. Conclusion**

For the foregoing reasons, we **affirm** the district court's denial of Brown's motion to suppress. We **vacate** those portions of the district court's order which discuss whether law enforcement's "no-knock" search of Brown's residence constituted a violation of the Fourth Amendment and whether application of the *Leon* good faith exception was warranted under the circumstances of this case. We set aside these portions of the district court's order solely to avoid complicated issues of res judicata that otherwise might result if Brown chooses to bring a civil action in the future. *Cf. Allen v. McCurry*, 449 U.S. 90, 103–04 (1980) (noting, in certain circumstances, state-court judgments or decisions can

-6-

have binding effect in later federal civil litigation brought pursuant to 42 U.S.C. § 1983). In doing so, we neither express disapproval of the district court's analysis of these issues, nor encourage Brown to file civil litigation.


ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge